# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

————————

No. 08-6051

————————

| | | |
|---|---|---|
| In re:  Theresa Marshall, | * | |
| | * | |
| Debtor | * | |
| | * | |
| Theresa Marshall, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor - Appellant, | * | Eastern District of Arkansas |
| | * | |
| vs. | * | |
| | * | |
| Mark T. McCarty, Chapter 13 Trustee, | * | |
| | * | |
| Movant - Appellee | * | |

————————

Submitted: May 26, 2009
Filed: June 23, 2009

————————

Before FEDERMAN, MAHONEY and SALADINO, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

     Debtor Theresa Marshall appeals from an order of the Bankruptcy Court[1] which denied her motion to extend the automatic stay, dismissed her Chapter 13 case with prejudice, and barred her from filing another bankruptcy case for one year.  The

————————

[1] The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

Debtor claims that the Court erred in dismissing her case when she had made a substantial number of her payments in previously filed cases. For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

The Debtor filed this Chapter 13 petition on June 9, 2008. This is her fourth Chapter 13 case since 1995, all of which were filed on the eve of foreclosure. Throughout her various bankruptcy proceedings, the Debtor filed numerous motions contesting the amount she owes on her mortgage. She has hired and fired eight attorneys and is now representing herself *pro se* on appeal.

In each of those prior cases, the Debtor paid a substantial amount of money into the plan before ultimately failing to complete her requirements. The first case was filed in November 1995 and was dismissed in December 2001. Because the Debtor had not made all of her plan payments, she exited that case with an arrearage on her mortgage obligation. Two months later, the Debtor again filed for bankruptcy protection. That case was dismissed in May 2005 for the Debtor's failure to comply with an agreed "strict compliance order" requiring her to make timely payments to her trustee. These missed payments caused the arrearage on her mortgage to increase since no funds remained above her regular monthly mortgage debt to settle this amount and its accumulating interest. After three months, in August 2005, the Debtor filed yet another bankruptcy case. During this case, the parties again agreed to a strict compliance order requiring the Debtor to make all her payments in full and on time from January 2008 to June 2008. After the Debtor failed to comply with the order, that case was dismissed.

Four months later, on June 9, 2008, the Debtor filed the instant case within the period of the strict compliance order in the last case. Both the mortgage holder and the Chapter 13 Trustee moved to dismiss the case for bad faith. In dismissing this

2

case, the Bankruptcy Court found this filing was "abusive in the extreme" because it allowed the Debtor, for a second time, to circumvent her strict compliance agreement. After a hearing on the motions to dismiss, which included another challenge of the amount owed on the arrearage, the Court dismissed the current Chapter 13 case, denied her motion to extend the stay as moot, and barred her from filing again for one year. It is that order from which the Debtor now appeals.

## STANDARD OF REVIEW

We review findings of fact for clear error and legal conclusions *de novo*.[2] The Bankruptcy Court has discretion to dismiss a Chapter 13 case and to impose limitations on refiling.[3] Both decisions are reviewed under an abuse of discretion standard.[4] An abuse of discretion occurs when the Bankruptcy Court "fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous."[5]

---

[2] *First Nat'l Bank of Olathe v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997).

[3] *In re Casse*, 198 F.3d 327, 337-38 (2d Cir. 1999).

[4] *Id.* at 341.

[5] *Official Comm. Of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus, Inc.)*, 397 F.3d 647, 651 (8th Cir. 2005).

3

## DISCUSSION

The Debtor claims that the Bankruptcy Court's dismissal of her Chapter 13 case was an abuse of discretion.[6]  The Bankruptcy Court dismissed the case due to the abusive effect of the Debtor's repeated attempts to relitigate the amount she owed on the mortgage arrearage and to circumvent strict compliance orders by filing new cases. Courts may dismiss a case under § 1307(c) if such case was filed in bad faith.[7] Whether a Chapter 13 debtor is acting in bad faith is an issue of fact for the Bankruptcy Court to determine and will only be overturned if clearly erroneous.[8]

The bad faith determination focuses on the totality of the circumstances, including whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code.[9]  For automatic stay purposes, a case is presumed to be filed in bad faith if a debtor's previous case "was dismissed within [the preceding] 1-year period, after the debtor failed to . . . perform the terms of a plan confirmed by the court" or "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most

---

[6] Debtor also appeals the Bankruptcy Court's decision to deny as moot her motion to impose the automatic stay under § 362(a).  Since we are affirming the dismissal, we need not address this issue.

[7] *In re Molitor*, 76 F.3d 218, 220 (8th Cir. 1996).  *See also Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (holding that atypical bad faith conduct is grounds to dismiss a Chapter 13 case, or to deny conversion of a case from Chapter 13 to Chapter 7).

[8] *Matter of Smith*, 848 F.2d 813, 816, n. 2 (7th Cir. 1988).

[9] *In re Molitor,* 76 F.3d at 220.

4

previous case . . . ."[10] The Debtor may rebut this presumption only by a showing of clear and convincing evidence.[11]

The Debtor has failed to meet this burden. While she has, throughout her various bankruptcy cases, made significant payments to her creditors, her failure to comply with more than one strict compliance order was properly considered in determining her bad faith. The Bankruptcy Court also properly considered the amount of time the Debtor has "reposed herself in bankruptcy," her pattern of making unsuccessful filings on the eve of foreclosure, and her history of filing excessive motions throughout the various bankruptcy cases. The Bankruptcy Court's finding that the Debtor's conduct in refiling her petition to circumvent the strict compliance order was "abusive in the extreme" is not clearly in error. In these circumstances, the Bankruptcy Court properly found that the Debtor unfairly manipulated the Code and was operating in bad faith.

While not directly raised in the Debtor's appeal, since she is filing *pro se*, we will consider the propriety of the Bankruptcy Court's order barring her from refiling for one year. Whether a bankruptcy court has the authority to bar subsequent Chapter 13 filings presents a question of law which is reviewed under a *de novo* standard.[12] If the court has the power to issue that order, its decision to do so will be reviewed under an abuse of discretion standard.[13]

Bankruptcy courts "invariably derive from § 105(a) or § 349(a) of the Code . . . the power to sanction bad-faith serial filers . . . by prohibiting further bankruptcy

---

[10] 11 U.S.C. § 362(c)(3)(C)(i).

[11] *Id.*

[12] *See In re Casse*, 198 F.3d at 334.

[13] *Id.* at 341.

5

filings for [over] 180 days."[14]   In evaluating whether to bar subsequent filings, courts have recognized that "a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct."[15]  Court orders prohibiting refiling often occur "where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral" or where the debtor files a subsequent petition in violation of a previous order.[16]  Thus, Courts in this circuit have barred refiling to allow a creditor to exercise its rights under state law where serial filings abuse the bankruptcy process and cannot be prevented by an injunction under § 109(g).[17]

---

[14] *Id.* at 337, 338.  Appellate courts in the Second and Fourth Circuits have upheld the practice.  *See id.*; *In re Tomlin*, 105 F.3d 933 (4th Cir. 1997).  However, the Tenth Circuit found that the 180 day bar in § 109 (g) provides an absolute upward limit.  *In re Frieouf*, 938 F.2d 1099 (10th Cir. 1993).  This decision has been criticized by multiple courts.  *See Casse* at 340 (rejecting *Frieouf* and adopting a textual interpretation of § 349(a) that permits a court with cause to dismiss a case with prejudice to the filing of a subsequent petition); *In re Earl*, 140 B.R. 728, 741 (Bankr. N.D. Ind. 1992) (arguing for broad power under § 105(a) due to similarity to 28 U.S.C. § 1651(a)).  Over the past fifteen years, bankruptcy courts in the Eighth Circuit have consistently followed the majority view.  *See* n. 17, *infra*.

[15] *In re Tomlin*, 105 F.3d at 937.

[16] *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D. N.Y. 2007). *See also In re Robinson*, 198 B.R. 1017 (Bankr. N.D. Ga. 1996) (sanction appropriate where filing made to deal with specific problem of imminent foreclosure with no effort made to reorganize).

[17] *See In re Tolbert*, 258 B.R. 387 (Bankr. W.D. Mo. 2001) (imposing three year restriction where debtor filed eight cases solely to protect his assets with no reasonable prospect of reorganizing);  *In re Belden*, 144 B.R. 1010 (Bankr. D. Minn 1992) (barring debtor with pattern of making minimal payments to satisfy trustee at confirmation and then resuming noncompliance); *In re Rusher*, 283 B.R. 544 (Bankr. W.D. Mo. 2002) (enjoining for three years debtor who used successive filings to retain all of her assets without making plan payments or confirming a

The Bankruptcy Court did not abuse its discretion in dismissing the Debtor's petition with prejudice to refiling for one year. While the Debtor in previous cases has made an effort to pay money into the plan, the Bankruptcy Court had the discretion to determine that her manipulation of the filing process to avoid her strict compliance agreements is sufficiently egregious to justify a year long ban.

CONCLUSION

The Bankruptcy Court did not abuse its discretion in dismissing the Debtor's Chapter 13 case and barring her from filing for one year. Accordingly, the Bankruptcy Court's judgment is affirmed.[18]

---

plan ); *In re Mattson*, 241 B.R. 629 (Bankr. D. Minn. 1999) ("Failing to prohibit the debtors from future bankruptcy filings would give them an open opportunity to continue to frustrate the Objecting Creditors' attempts to collect.").

[18] The Clerk is directed to enter an order granting the Debtor's motion to file a second amended reply brief, which brief we considered in this appeal.